UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SMA PORTFOLIO OWNER, LLC,
as successor to Bank of America, N.A.,

      Plaintiff,

v.                                CASE NO.: 8:11-cv-1925-T-23EAJ

CPX TAMPA GATEWAY OPAG,
LLC, et al.,

      Defendants.

_____/

## ORDER

SMA Portfolio Owner, LLC, sues (Doc. 17) CPX Tampa Gateway Opag, LLC, and Corporex Business Park-Property Owner's Association, Inc., (the "Association") for foreclosure.  Counterclaim defendant Bank of America, N.A., moves to dismiss (Doc. 41) the counterclaim (Doc. 38), and SMA moves (Docs. 39, 40) to strike Association and CPX Tampa's jury demand and affirmative defenses.

A case before Judge David L. Bunning in the Eastern District of Kentucky, *Bank of America, N.A. v. Corporex Realty & Inv., LLC*, No. 2:12-cv-23, parallels this action.  In May, 2003, CPX Olympic Building II, LLC, (a Kentucky defendant) executed a promissory note in favor of LaSalle Bank National Association, which is a predecessor by merger to Bank of America, N.A., which is the predecessor by assignment to SMA.  In October, 2006, CPX Madison Place Office, LLC, (a Kentucky defendant) executed a promissory note in favor of LaSalle Bank.  In

January, 2008, CPX Tampa executed a promissory note in favor of LaSalle Bank.  In the Kentucky action, SMA[1] sues CPX Olympic and CPX Madison for foreclosure. In this action, SMA sues CPX Tampa and the Association (a "potential junior lienholder") for foreclosure.

In each action, the CPX defendant counterclaims against SMA and Bank of America and alleges a host of violations allegedly committed during a collective loan modification negotiation.  The claims include (1) a violation of the implied duty of good faith and fair dealing, (2) promissory estoppel, (3) a breach of fiduciary duty, and (4) a breach of contract by violating the right of first refusal.  Absent a handful of grammatical and syntactical modifications, this action's counterclaim is identical to the Kentucky action's counterclaim.[2]  *Compare* Florida's Amended Counterclaim (Doc. 38) *with* Kentucky's Second Amended Counterclaim (Ky. Doc. 41-1); *see also Bank of America v. Corporex Realty & Inv.*, No. 12-23 (Doc. 84), 2012 WL 2339688, *18, ___ F. Supp. 2d ___ (E.D. Ky. June 19, 2012).  Bank of America and SMA agree.  *See* Bank of America's Motion to Stay Discovery (Doc. 47 at 7, 8 n. 6, 11) ("identical," "nearly identical," "nearly identical issues"); SMA's Motion to Stay Discovery (Doc. 48 at 4-5) ("nearly identical," "virtually identical").

---

[1] SMA became a plaintiff in the Kentucky action on November 23, 2011, and a plaintiff in this action on November 1, 2011. (Ky. Doc. 34; Doc. 16)  On December 20, 2011, this action was re-assigned from Judge Richard A. Lazzara to Judge Mary S. Scriven.  A July 2, 2012, order (Doc. 52) recuses Judge Scriven and transfers (Doc. 53) this action to me.

[2] In Kentucky, the CPX companies alleged additional counterclaims, conversion and breach of contract for disclosure of confidential information.

On June 19, 2012, Judge Bunning entered a thirty-five-page order on SMA's motion to dismiss the CPX companies' counterclaim.  Granting in part and denying in part the motion to dismiss, the June 19th Kentucky order (1) details the pertinent history and counterclaim allegations, (2) retains the implied duty of good faith and fair dealing claim, (3) retains the promissory estoppel claim, (4) dismisses the breach of fiduciary duty claim, and (5) holds that a proposed amended complaint states a claim for breach of contract by violating the right of first refusal.  The parties identify no reason to depart from Judge Bunning's careful, comprehensive, and correct analysis.

The lenders rely primarily on a "pre-negotiation letter" that arguably releases SMA and Bank of America from each claim asserted by CPX Tampa:

> Each party hereto hereby completely, irrevocably[,] and unconditionally releases and forever discharges the other party from any and all liabilities, claims[,] and demands whatsoever, in law or in equity, which such releasing party now has or may hereafter have against the other party caused by or arising out of or relating to all or any Loan Communications.

(Doc. 41-1 at 5)  Judge Bunning extensively analyzed Sixth Circuit precedent on the propriety of considering the release on a motion to dismiss and ultimately concluded that he "could not consider the release[] that [Bank of America] attached to its motion to dismiss."  *Corporex*, 2012 WL 2339688 at *7.

Although applying a different standard, the Eleventh Circuit requires the same outcome.  "A court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached

document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). "Undisputed" means that no party questions the document's authenticity. "Central" means that the document is "a necessary part" of the plaintiff's effort to state a claim. *Day*, 400 F.3d at 1276. Unmentioned in the complaint and unnecessary for CPX Tampa to state a claim, the "pre-negotiation letter" is not "central" to the counterclaim.

For the reasons stated in *Bank of America v. Corporex Realty & Inv.*, No. 12-23 (Doc. 84), 2012 WL 2339688, ___ F. Supp. 2d ___ (E.D. Ky. June 19, 2012), the motion to dismiss (Doc. 41) the counterclaim is **GRANTED IN PART AND DENIED IN PART**. The breach of fiduciary duty claim (Count III) is **DISMISSED WITH PREJUDICE**. The motion to strike (Doc. 39) the affirmative defenses is **DENIED**. Renewable after moving for summary judgment, the motion to strike (Doc. 40) the jury demand is **DENIED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on October 5, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE