UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SMA PORTFOLIO OWNER, LLC,
as successor to Bank of America, N.A.,

     Plaintiff,

v.                                                                            CASE NO.: 8:11-cv-1925-T-23EAJ

CPX TAMPA GATEWAY OPAG,
LLC, et al.,

     Defendants.

_____/

**<u>ORDER</u>**

     This dispute results from the fallout of a $9.74 million loan from Bank of

America (as successor to LaSalle Bank, N.A.) to CPX for the purchase and

construction of a ninety-eight room Fairfield Inn & Suites hotel.  The parties entered

several agreements, including an assignment of rent, which states:

> <u>WAIVER OF TRIAL BY JURY</u>. THE ASSIGNOR AND THE
> ASSIGNEE (BY ACCEPTANCE HEREOF), HAVING BEEN
> REPRESENTED BY COUNSEL, EACH KNOWINGLY AND
> VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY
> IN ANY ACTION OR PROCEEDING TO ENFORCE OR
> DEFEND ANY RIGHTS (A) UNDER THIS ASSIGNMENT OR
> ANY RELATED AGREEMENT OR UNDER ANY
> AMENDMENT, INSTRUMENT, DOCUMENT OR
> AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE
> BE DELIVERED IN CONNECTION WITH THIS ASSIGNMENT
> OR (B) ARISING FROM ANY BANKING RELATIONSHIP
> EXISTING IN CONNECTION WITH THIS ASSIGNMENT, AND
> AGREES THAT ANY SUCH ACTION OR PROCEEDING WILL
> BE TRIED BEFORE A COURT AND NOT BEFORE A JURY . . . .

(Doc. 1-4 at 8)  Citing the waiver, SMA and Bank of America each move (Docs. 151 and 158) to strike the jury demand.

Citing *FGDI, Inc. v. Bombardier Capital Rail Inc.*, 383 F. Supp. 2d 1350, 1352 (M.D. Fla. 2005) (Morris, J.), CPX argues that neither the note nor the mortgage contains the jury waiver of the assignment of rent.  But examination of the record confirms that the note "incorporate[s] by reference" the assignment of rent (and the mortgage) "as fully and with the same effect as if set forth [in the note] at length." (Doc. 1-2 at 9)  Also, the mortgage states, "All of the provisions of the Assignment [of Rent] are hereby incorporated herein as if fully set forth at length in the text of this Mortgage."  (Doc. 1-3 at 12)  *See Andre v. Sellstate Realty Sys. Network, Inc.*, 2010 WL 3259415 (M.D. Fla. July 30, 2010) (applying the jury waiver of one agreement to claims raised under other agreements) report and recommendation adopted, 2010 WL 3259413 (M.D. Fla. Aug. 18, 2010) (Honeywell, J.).  Also, in *FGDI*, the parties entered into a second agreement that "correct[s]" an earlier agreement.  The "Governing Law" clause in the first agreement contains a jury waiver, but the "Governing Law" clause in the second agreement (which substantively changes the first clause) omits the jury waiver.  *FGDI* finds that the change is ambiguous because the second clause, which corrects the first clause, might replace the first clause or might replace only the provisions that conflict with the first clause.  In this action, the note and mortgage are complementary to, not intended to correct errors in, the

assignment of rent.  Thus, the note, mortgage, and assignment of rent create no ambiguity comparable to the ambiguity in *FGDI*.

Citing *Allyn v. Western United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004), CPX argues that the "waiver was not 'conspicuous'" and cites the factors cited in *Allyn*:

> (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel.

347 F. Supp. 2d at 1252.  *Allyn* cautions that these five factors are "important" but "not determinative."  "Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." 347 F. Supp. 2d at 1252.

CPX argues that incorporation of the assignment of rent into the note and mortgage is inconspicuous.  However, CPX's argument addresses only part of one of the five factors.  The waiver in the assignment of rent is conspicuous,[1] and the waiver states that the waiver applies to "ANY RELATED AGREEMENT."  (Doc. 1-4 at 8) Also, as CPX admits, CPX – which borrowed $9.7 million to finance a ninety-eight room hotel – is a sophisticated business, and Martin Butler of Strauss & Troy represented CPX during the negotiation.  Accordingly, the jury waiver is valid.

---

[1] The waiver, entitled "WAIVER OF TRIAL BY JURY," is the only text that is written in all capital letters and is printed just above the signature line.

CPX argues that CPX's counterclaim for promissory estoppel fails to "aris[e] from any banking relationship existing in connection with th[e] assignment [of rent]."[2]  CPX argues that the counterclaim for promissory estoppel is "unrelated to the Assignment" of rent.  CPX misinterprets the clause; unrelatedness to "the Assignment" of rent is not the key to escaping the effect of the jury waiver.  To escape the effect of the jury waiver, the counterclaim must have no connection to the "banking relationship."  Because the counterclaim rests on "the Bank's representations to" CPX (Doc. 38 at 23), the counterclaim "aris[es] from" the banking relationship.[3]  Accordingly, even for CPX's promissory estoppel claim, the assignment of rent waives a jury trial.

In a footnote, CPX states, "It is undisputed that Defendant Corporex Business Park Property Owners Association, Inc. is not a signatory to any of the loan documents and therefore cannot be bound by the jury waiver included in the Assignment."  (Doc. 183 at 4 n.1)  However, Corporex is not entitled to a jury because Corporex is a party to only Count I, which seeks foreclosure.  *Allyn* correctly explains:

---

[2] CPX presents a similar argument that applies to CPX's defenses. However, the waiver applies to "any action or proceeding to enforce or defend any rights [] under th[e] assignment [of rent]"; the clause contains no provision that nullifies the waiver if the counterclaim defendant merely asserts a defense "unrelated to the [a]ssignment." (Doc. 193 at 7)

[3] Without citation to precedent, CPX argues (implausibly) that "the 'banking relationship' which existed when the Assignment was executed was with LaSalle Bank," not with Bank of America. However, Bank of America is the successor-in-interest to LaSalle. Also, the clause applies not just to the banking relationship with LaSalle but to "any banking relationship existing in connection with th[e] assignment [of rent]."

> This argument is without merit because the only claim against Bajaj
> and IB by Defendants is the count for mortgage foreclosure, which is
> wholly equitable in nature and in which there is no right to a jury trial
> by Bajaj or IB. Thus, while Bajaj and IB are not subject to the jury
> waiver in the loan documents, they do not have a right to a jury trial in
> any event in the mortgage foreclosure counterclaim.

347 F. Supp. 2d at 1250 n.11.

SMA's motion (Doc. 151) to strike is **GRANTED**, and the demand (Doc. 38)

for a jury is **STRICKEN**. Bank of America's motion (Doc. 158) to strike is **DENIED**

**AS MOOT**.

ORDERED in Tampa, Florida, on February 3, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE